## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BRADY KEENAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) **CLASS ACTION COMPLAINT** |
| Plaintiff, | ) ) |
| v. | ) Case No.: 4:17-cv-819 ) |
| HUNTER WARFIELD, INC. | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) ) ) |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Brady Keenan is an individual who resides in the Eastern District of Missouri (St. Louis City).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

1

5.  Defendant Hunter Warfield, Inc. ("Hunter") is a foreign corporation with its principal place of business located at 4620 Woodland Corporate Boulevard, Tampa, Florida 33614.

6.  Hunter is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Hunter is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

7.  On or around February 7, 2017, Hunter mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "West End City Apts Phase I" ("West End City"). A copy of this letter is attached to this complaint as <u>Exhibits A and B</u>. <u>Exhibit A</u> represents the front of the letter and <u>Exhibit B</u> represents the back of the letter.

8.  The alleged debt identified in <u>Exhibits A and B</u> was allegedly owed to West End City and was incurred only for personal, family or household purposes.

9.  Upon information and belief, <u>Exhibits A and B</u> are a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

10. <u>Exhibit A</u> contains the following text:

> **SETTLEMENT OFFER**
>
> For a limited time, you can settle your account for the reduced amount of $745.98.
>
> This is a 50% SAVINGS!!
>
> Pay online with check or credit card at: **www.payhwi.com**
>
> Paying online allows you the ability of paying when it's convenient for you
> OR
> Call now for details at 1-844-HUNTPAY (844-494-7299).
>
> **Pay now and SAVE!!!!**
>
> Payment must be received within 30 days from the date of this letter.
> We are not obligated to renew this offer.
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
>
> SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

11. <u>Exhibit B</u> contains the following text:

> **FEDERAL AND STATE DEBT COLLECTION LAWS AND/OR THE FAIR CREDIT REPORTING ACT REQUIRE THE FOLLOWING DISCLOSURES:**
>
> **Required by Fair Debt Collection Practices Act:** This is an attempt to collect a debt and any information obtained will be used for that purpose.

12. The letter, represented as <u>Exhibits A and B</u>, seeks to collect a debt.

13. <u>Exhibit A</u> includes the notice that the debt collector must disclose in its initial written communication with the consumer, pursuant to the FDCPA, 15 U.S.C. § 1692e(11). <u>Exhibit A</u> ("This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.")

14. <u>Exhibit B</u> includes the same notice. <u>Exhibit B</u> ("This is an attempt to collect a debt and any information obtained will be used for that purpose.")

15. However, as discussed below, <u>Exhibits A and B</u> did not include the statutorily required 15 U.S.C. § 1692g(a) notices.

16. The letter, represented as <u>Exhibit A and B</u>, would not have been sent to Plaintiff for any purpose other than debt collection.

17. Upon information and belief, the letter, represented as <u>Exhibits A and B</u>, would not have been sent to any class member for any purpose other than debt collection for the same reason.

18. The letter, represented as <u>Exhibits A and B</u>, does not include the 15 U.S.C. § 1692g(a) notice, which requires:

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. Plaintiff did not receive any other written communications from Hunter containing the 15 U.S.C. § 1692g(a) notices, either before or after the letter, represented as Exhibits A and B.

20. The 15 U.S.C. § 1692g(a) notices were not printed on the envelope in which Hunter mailed the letter, represented as Exhibits A and B, to Plaintiff.

21. Plaintiff, or any class member, would not be aware of their rights under 15 U.S.C. § 1692g(a) because Hunter completely failed to include them in the letter, represented as Exhibits A and B.

22. The unsophisticated consumer would be similarly unaware of their rights.

23. Congress enacted the FDCPA with the intent to make consumers fully aware of their rights.

24. Therefore, the strict liability statute specifically requires the notice language set out in 15 U.S.C. § 1692g(a) to be present.

## COUNT I - FDCPA

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. Hunter failed to provide to Plaintiff the required notice pursuant to 15 U.S.C. § 1692g(a).

27. Hunter has thus failed to comply with the debt validation notice requirements pursuant to 15 U.S.C. § 1692g(a).

28. Failure to provide the 15 U.S.C. § 1692g(a) notice is also a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

29. The Defendant has violated 15 U.S.C. §§ 1692g(a) and 1692e(10).

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Missouri (b) who were sent an initial collection letter in the form represented by Exhibits A and B, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after February 7, 2016, (e) that was not returned by the postal service.

31. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

32. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the letter, represented by Exhibits A and B, violates the FDCPA.

33. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

34. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

36. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

A. actual damages;

B. statutory damages;

C. attorneys' fees, litigation expenses and costs of suit; and

D. such other or further relief as the Court deems proper.

Dated: March 2, 2017

    Respectfully Submitted,

    **THE HALVORSEN LAW FIRM**

    By: /s/ Joel S. Halvorsen

    Joel S. Halvorsen, #MO67032
    12 Moss Pointe Court
    St. Charles, MO 63303
    P: (314) 325-4292
    F: (314) 787-4323
    joel@halvorsenlawfirm.com
    www.halvorsenlawfirm.com

    *Attorneys for Plaintiff*